SCHOTT, Chief Judge.
We grant certiorari in order to consider the validity of the August 31, 1989 judgment overruling an exception filed by rela-tors, Michael Zide, D.D.S., State of Louisiana, Louisiana State University, School of Medicine, Medical Center, School of Dentistry Private Clinic, and LSU Board of Supervisors, to a reconventional demand filed by respondents, Lisa L. and Claude A. Bocage.
On June 30, 1971, Claude Bocage underwent oral surgery performed by Dr. Zide of LSU Dental School. Upon Bocage’s failure to pay his bill of $2,770, LSU assigned the bill to Due Process, Inc.. On May 9, 1984, Due Process filed suit on the account against respondents. They answered on June 4, 1984 alleging breach of contract and malpractice on the part of Dr. Zide and the dental school and claiming a setoff of their damages against the principal demand. On August 13, 1987, respondents filed a “Supplemental and Amended Answer and Reconventional Demand” against Due Process, Dr. Zide and LSU claiming additional damages of $330,000 allegedly resulting from malpractice of Dr. Zide and LSU. Realtors filed a peremptory exception of prescription to respondents’ recon-ventional demand based upon LSA R.S. 9:5628. The trial court overruled this exception and relators invoked the supervisory jurisdiction of the court.
Actions for damages for malpractice must be filed no later than three years after the date of the alleged tort. R.S. 9:5628. This date was June 30, 1981. Although respondents filed their answer to Due Process’s collection suit on June 4, 1984, they did not assert their malpractice claim against relators until August 13, 1987. However, respondents contend that they interrupted prescription running in favor of Zide and LSU when they answered Due Process’s suit on June 4, 1984 which was within three years of the alleged tort.
The Act of Assignment and Sale of the claim against respondents by LSU to Due Process is attached to its original petition. By its terms it is an irrevocable and completed sale of the account reserving no interest whatsoever to LSU. In their original answer to the suit, respondents alleged that they were required to spend $2,770 to correct Dr. Zide’s work and asserted this as a setoff against Due Process’s claim. Dr. Zide and LSU had no connection with this affair at that point. Their presence as parties was not required in order for respondents to obtain relief on their claim for a setoff so that there was no basis for a reconventional demand against them. C.C.P. arts. 1061, 1064.
Although styled a reconventional demand, respondents’ demand against rela-tors is an entirely different cause of action against parties not theretofore named parties to the suit. It was simply a brand new suit unrelated to the litigation between Due Process and respondents against parties who had no interest in that litigation.
In their response, respondents claim first that relators were indispensable parties to the claim by their assignee but this argument overlooks the language of the contract of assignment discussed above. See Rond v. Sims, 355 So.2d 591 (La.App. 4th Cir.1978) writ denied 357 So.2d 1164. Respondents also allege that Due Process filed suit against them as agent for LSU, but as already discussed the assignment is an absolute sale and cannot be construed as an agency agreement.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of relators Michael Zide, D.D.S., State of Louisiana, Louisiana State University, School of Medicine, Medical Center, School of Dentistry Private Clinic, and LSU Board of Supervisors and against respondents Lisa L. and Claude A. Bocage, sustaining relators’ exception and dismissing respondents’ reconventional demand at their cost.
REVERSED AND RENDERED.